# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> VS. <br><br> **AUBREY E. WILLIAMSON,** <br><br> **Defendant** | **NO. 5: 10-CR-39 (CAR)** <br><br> **VIOLATION:** Firearms Related |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. Defendant WILLIAMSON was represented by Ms. Cynthia Roseberry, the Federal Defender; the United States was represented by Assistant U. S. Attorney Tamara Jarrett Based upon the evidence proffered to the court on behalf of the parties, as well as the Pretrial Service Report of the U. S. Probation Office of July 1, 2010, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the aforementioned Pretrial Services Report, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community were he to be released from custody. Defendant WILLIAMSON is a lifelong resident of the Middle District of Georgia. The offense charged against him is a serious one for which long-term incarceration can be expected in the event of conviction. The defendant's estimated sentencing guideline range is 63 months to 78 months to be served in prison. The weight of evidence appears to be strong: the defendant, a convicted felon, was found in possession of a firearm and admitted ownership.

The defendant has an extensive record of arrests and convictions going back to 1984, including convictions as follows: POSSESSION OF MARIJUANA (less than an ounce), 1984, Superior Court of Upson County; Dangerous Drugs, 1984, Superior Court of Upson County; PURCHASE/POSSESSION/CONTROL OF DRUGS, 1989; BURGLARY, 1990; AGGRAVATED ASSAULT (4 cts.) and TERRORISTIC THREATS, 1992; and AGGRAVATED ASSAULT (2 cts.), 2005, Superior Court of Upson County. In addition, the defendant has a record of allegations of parole violations in 2003, 2004, 2006, 2009, and 2010. The basis for the parole revocations in several cases appears to be allegations of Aggravated Assault.

For the foregoing reasons, the undersigned finds that pretrial detention is mandated. IT IS SO ORDERED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 6th day of JULY, 2010.

**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**